# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| JEFFREY LANE, | ) |
| Plaintiff, | ) |
| vs. | ) No.: |
| METRO SERVICES, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Tennessee Corporation with its principal address at 4470 Pinnacle Lane, Chattanooga, TN, 37415. Its registered agent for service of process is Bill L. Norton, 4470 Pinnacle Lane, Chattanooga, TN, 37415.

3. Defendant operates a business that provides maintenance and repair services on industrial Heating Ventilation and Air Conditioning (HVAC) systems.

4. Plaintiff was employed by Defendant at its shop in Chattanooga, Tennessee from approximately June of 2011 until January 3, 2020.

5. Plaintiff was employed by Defendant as a senior technician. His duties included the performance of HVAC repairs and maintenance for Defendant's clients. Plaintiff routinely worked in the Chattanooga, Tennessee area and in Georgia.

6. Defendant payed Plaintiff an hourly rate for his work, and Plaintiff did not clock

in and out on a time recording device.

7. Plaintiff routinely performed work "off the clock" for which he was not compensated.

8. More specifically, Plaintiff routinely arrived at work early to discuss work issues with Defendant's executive vice president, but he was not compensated for this work.

9. The executive vice president, as well as Plaintiff's direct supervisor, were aware that Plaintiff was not being compensated for the work he performed when he arrived early at work, and they had no system in place for Plaintiff to record and obtain compensation for that work time.

10. Plaintiff also routinely performed uncompensated work off the clock while on call after normal business hours, which included responding to phone calls from Defendant's customers and discussing maintenance and repair issues with those customers.

11. Although Plaintiff was instructed by his supervisor to perform the on-call work described above, Defendant had no system in place for Plaintiff to record and obtain compensation for that work time.

12. Although Plaintiff did not take lunch breaks as he performed his work each day, Defendant automatically deducted daily 30-minute lunch breaks from his compensable work time and did not compensate Plaintiff for that work time.

13. On multiple occasions, Plaintiff complained to management about the fact that lunch breaks were being deducted from his compensation despite the fact that he was not taking lunch breaks.

14. As explained above, Plaintiff's direct supervisor and other management employees at Defendant's facility were well aware that Plaintiff was routinely performing uncompensated work.

15. Plaintiff routinely worked well over 40 hours per workweek. Accordingly, Plaintiff routinely worked uncompensated overtime hours off the clock each week for which he was not paid overtime pay at a rate of one and one-half times his regular rate of pay.

16. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

17. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

18. While he was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA. More specifically, Plaintiff routinely travelled across state lines while performing work for Defendant in both Tennessee and Georgia.

19. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

20. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

21. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

22. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

23. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

24. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is

also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

25. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff